Filed 3/30/22  P. v. Williams CA2/8
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAUMAL MARTIN WILLIAMS,<br><br>    Defendant and Appellant. | B299053<br><br>Los Angeles County<br>Super. Ct. No. KA007720 |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Reversed and remanded with instructions.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, Nancy Lii Ladner and

Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Saumal Martin Williams pleaded no contest to one count of second degree murder and one count of attempted murder. He challenges an order denying his petition for resentencing under Penal Code section 1170.95. We affirmed this ruling in an opinion filed June 2, 2020. Pursuant to an order of the California Supreme Court filed January 26, 2022, we vacate our decision and reconsider our ruling in light of Senate Bill No. 775 (2021–2022 Reg. Sess.) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

Under *Lewis* and Senate Bill No. 775, the trial court should have appointed Williams counsel. Senate Bill No. 775 also expressly allows petitioners to challenge attempted murder convictions. Nothing in our record refutes Williams's section 1170.95 allegations as a matter of law. Therefore, with counsel, it was reasonably probable the court would not have summarily denied his petition. We remand for further proceedings.

Undesignated statutory citations are to the Penal Code.

I

A felony complaint charged Williams and two codefendants with one count of murder (§ 187, subd. (a)) of Alvaro Rojero and one count of attempted murder (§§ 187, subd. (a), 664) of Alfredo Acevedo. The complaint alleged Williams and another codefendant personally used firearms in both offenses (§§ 1203.06, subd. (a)(1), 12022.5). The complaint also alleged Williams and that same codefendant intentionally inflicted great bodily injury and death as a result of discharging a firearm from a motor vehicle (§ 12022.55), caused the death of the murder

2

victim (§ 1203, subd. (e)(10)), and personally inflicted great bodily injury on the attempted murder victim (§ 12022.7). The complaint further alleged Williams committed both offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1) & (2)) and had three prior felony convictions and served a prior prison term.

Williams pleaded no contest to one count of second degree murder and one count of attempted first degree murder.

We detail the factual basis for Williams's plea. Our record contains little information about the underlying crimes. Williams did not have a preliminary hearing. He signed a two-page plea form and initialed a box saying, "My attorney will stipulate to a factual basis for my plea."

At his plea hearing, the court asked whether Williams and his counsel "stipulate[d] that the Court can read the police report in this matter to determine if there is a factual basis for the pleas[.]" Williams and his counsel said "yes."

Our record does not contain a police report. It does contain a probation report that lists as its source an unspecified "Police Report." The probation report describes the crimes in 30 lines of text. In 1991, Williams and two others were in a car and "shots were fired" from the "front and back passengers['] side." Alvaro Hernandez died and Alfredo Acevedo was injured. "Witnesses at the scene described the vehicle used and persons involved." The three defendants were "believed" to have been retaliating against another gang for a shooting earlier that day. The report specifies the murder victim was not a gang member.

The trial court accepted Williams's plea. It read and considered the police report and found there was a factual basis for the plea. The court sentenced Williams to concurrent terms of

15 years to life for the murder count and life for the attempted murder count and dismissed the remaining allegations.

In 2019, Williams filed a petition for resentencing under section 1170.95. He requested counsel. Before the prosecution filed a response, the trial court found Williams was not entitled to relief as a matter of law and summarily denied the petition for several reasons, two of which are relevant to this appeal. First, according to the court, "the court file reflect[ed] that [Williams] was the actual killer." The prosecution did not pursue a felony-murder or natural and probable consequences theory, so section 1170.95 did not apply to Williams's murder conviction. Second, section 1170.95 did not apply to attempted murder, and thus did not apply to Williams's attempted murder conviction.

Williams appealed. In our earlier opinion, we affirmed the order denying relief.

II

A

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) to limit the felony-murder rule and eliminate the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, § 4.) Senate Bill No. 1437 amended section 188 to require a principal to murder to act with malice aforethought. (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.) It amended section 189 to require a felony-murder defendant to be the actual killer, a direct aider and abettor, or a major participant in an underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e), added by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which created a process to petition the trial court to vacate a murder conviction and seek resentencing under certain circumstances.

(§ 1170.95, subd. (a).) During the pendency of this appeal, the Legislature enacted Senate Bill No. 775, which amended section 1170.95 to apply the law expressly to defendants convicted of attempted murder. (Stats. 2021, ch. 551, § 2.)

Section 1170.95 requires the following circumstances: (1) the prosecution filed a complaint, information, or indictment against the petitioner allowing the prosecution to proceed under a felony-murder or natural and probable consequences theory; (2) a jury convicted the petitioner of murder or attempted murder at trial, or the petitioner accepted a plea offer instead of a trial at which the jury could have convicted the petitioner of murder or attempted murder; and (3) the petitioner could not be convicted of murder or attempted murder because of the amendments to sections 188 and 189. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

The trial court must review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court must appoint counsel. (§ 1170.95, subd. (b)(3).) If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause. (*Id.*, subd. (c).)

B

Williams was entitled to counsel because he filed a facially sufficient petition and he requested counsel. (§ 1170.95, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 963.) We remand because the error was not harmless. Section 1170.95, subdivision (a) applies to Williams's attempted murder conviction and the trial court must also address this conviction on remand.

5

We review the denial of the right to counsel during the petition process for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 973–974.) To establish prejudice, Williams must demonstrate that with counsel, it was reasonably probable the court would not have summarily denied his petition without an evidentiary hearing. (See *id.* at p. 974.)

Although the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the inquiry under subdivision (c) is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) A court should not reject factual allegations on credibility grounds without conducting an evidentiary hearing and should not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Id.* at pp. 971–972.)

Williams's petition set forth a prima facie case and nothing in the record before us refutes the petition's allegations as a matter of law. The prosecution says failure to appoint counsel was harmless because Williams was prosecuted for and pleaded no contest to being the actual killer in the murder and the shooter in the attempted murder, therefore he is ineligible for relief as a matter of law. The prosecution identifies three sources to support its argument, but none disprove Williams's prima facie case.

First, the prosecution points to the complaint's charging language and allegations, but these are not conclusive. The complaint did not need to mention other potential felonies or target crimes for the prosecution to pursue murder under the felony-murder rule or natural and probable cause doctrine. The

6

allegation that a defendant committed murder willfully, unlawfully, and with malice aforethought is a well-recognized way of charging murder in a generic sense. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233 (*Rivera*).) This generic manner for charging murder does not limit the prosecution to a particular theory. (*Ibid.*) Furthermore, Williams's charges cast doubt on the trial court's factual finding that Williams was the "actual killer" because the charges list three defendants.

Nor are the complaint's unadmitted enhancement allegations dispositive. Unadmitted allegations do not establish a defendant admitted acting with the intent to kill. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 125.) The allegations would not have prevented the prosecution from trying Williams on a theory of felony murder or natural and probable consequences. Nor do these unadmitted allegations establish his plea was to murder and attempted murder with the requisite intent. The complaint does not conclusively prove Williams is ineligible for relief as a matter of law.

Second, the prosecution directs us to Williams's plea, but this argument is wrong for similar reasons. During the plea, the prosecution used the same language as the charges: Williams committed murder and attempted murder willfully, unlawfully, and with malice aforethought. Again, this is generic charging language. Malice aforethought is defined as an element of first and second degree murder, but before Senate Bill No. 1437, malice could be imputed based on participation in a crime. (*Rivera, supra,* 62 Cal.App.5th at p. 234.) Williams's plea does not prove he is ineligible for relief.

The prosecution identifies a statement by the attorney of one of Williams's codefendants during the plea, but relying on

this statement would require factfinding, which is not allowed at the prima facie stage. When Williams pleaded no contest, one of his codefendants entered a plea to identical charges. The codefendant's attorney said the codefendant was the driver and not a shooter. This self-serving statement is not an established fact and does not prove Williams was the actual killer or the shooter in the attempted murder. Williams's plea does not prove he is ineligible as a matter of law.

Third, the prosecution relies on the probation report, but Williams never stipulated to the factual basis of this report and the report does not show conclusively that Williams was the actual killer or the shooter.

Because Williams did not stipulate to the factual basis of the report, the court could not rely on it at the prima facie stage. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 481–484 [error to rely on facts of preliminary hearing transcript at prima facie stage where defendant did not stipulate to the transcript as a factual basis of plea].)

Williams did stipulate to the court examining a *police report*, but the police report is not in our record. The probation report purports to be drawn from an unspecified police report. The prosecution seemingly infers the probation report's reference to a police report is to the same police report the court examined during Williams's plea and the probation report accurately and completely reflects the police report. These inferences are improper at the prima facie stage.

Reliance on the probation report to determine Williams was the actual killer and shooter at the prima facie stage is flawed for a second reason. The report's description of the crime is brief, vague, and often uses the passive voice. As one example, the

words "shots were fired" prove little in a shooting involving three codefendants. The description of the crime in the probation report does not prove as a matter of law that Williams is ineligible for relief.

Williams challenges the reliability of the probation report in part based on an inconsistency between a victim's name in the probation report and the complaint. Our decision does not rely on this ground. The probation report calls the murder victim "Alvaro Hernandez" in its description of the crime and also lists his full name as "Alvaro Rojero Hernandez." The complaint uses the name "Alvaro Rojero." This difference is not material.

As to the police report, Williams argues he did not stipulate *to any facts* in that report. We need not decide this issue. Williams's position distinguishes between (1) stipulating the court may review a record to determine whether there is a factual basis for a plea and (2) stipulating to a record's factual basis. The trial court did not say it relied on the police report to deny the petition and the police report is not before us on appeal. The prosecution cites to the probation report, only. We do not address whether Williams stipulated to facts in this unspecified police report.

In sum, the prosecution's third source—the probation report—does not disprove Williams's prima facie case.

Nothing in the record of conviction conclusively refutes Williams's allegations as a matter of law. Had the trial court appointed counsel, there is a reasonable probability the court would have found Williams established a prima facie case and would have granted an evidentiary hearing. The trial court's failure to appoint counsel was not harmless.

We reverse the trial court's order denying Williams's petition and remand with instructions to the trial court to appoint counsel and hold further proceedings under subdivision (c) and, if appropriate, subdivision (d) of section 1170.95.  On remand, the court must consider both Williams's murder conviction and his attempted murder conviction.

## DISPOSITION

The order denying the petition is reversed; we remand the matter to appoint counsel for Williams and hold further proceedings in accordance with section 1170.95, subdivision (c) and, if appropriate, subdivision (d).

WILEY, J.

We concur:

GRIMES, Acting P. J.

STRATTON, J.

10